IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE SHERMAN, | |
|     Petitioner, | No. CIV S-06-0017 DFL GGH P |
|     vs. | |
| YOLO COUNTY SHERIFF'S DEPARTMENT, et al., | ORDER AND |
|     Respondent. | FINDINGS AND RECOMMENDATIONS |
|                            / | |

        Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, petitioner stated that three of his claims were not exhausted: 1) Fourth Amendment violation; 2) Equal Protection violation; 3) violation of right to speedy trial.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509, 512

(1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed.

On February 16, 2006, the court filed an order stating that petitioner had three options: 1) voluntarily dismiss the entire action so that he may exhaust his unexhausted claims; 2) voluntarily dismiss the unexhausted claims and proceed on the exhausted claims only; or 3) request a stay of this action so that he may return to state court and exhaust his unexhausted claims. The court granted petitioner twenty days to inform the court how he intended to proceed.

In the February 16, 2006, order the court advised petitioner that in Rhines v. Weber, ___ U.S. ___, 125 U.S. 1528 (2005) the Supreme Court recently held that a habeas petition may only be stayed if the petitioner can show good cause for his failure to exhaust his claims first in state court. The court advised petitioner that pursuant to Rhines, in order for this action to be administratively stayed, petitioner must show good cause for his failure to exhaust all of his claims in state court before filing this petition. The court advised petitioner that he should file briefing addressing this matter if he chose to seek a stay of this action.

On February 27, 2006, petitioner filed a request to stay this action. Petitioner did not address the issue of good cause for his request. On March 8, 2006, petitioner filed a motion to "reinstate" this action. Petitioner states that he anticipates that the California Supreme Court will fail to "uphold justice" by denying his habeas petition, as it has done in the past. Because exhaustion is futile, petitioner states that he should be able to proceed with the instant action.

There is no futility exception, as described by petitioner, to the exhaustion requirement. Because petitioner has failed to show good cause for his failure to exhaust his claims before filing this action, the court cannot stay his petition. The petition must be dismissed because it contains unexhausted and exhausted claims.

1           Accordingly, IT IS HEREBY ORDERED that petitioner's March 8, 2006, motion
2  to reinstate, construed as a request to proceed on his exhausted and unexhausted claims, is
3  denied;
4           IT IS HEREBY RECOMMENDED that this action be dismissed.
5           These findings and recommendations are submitted to the United States District
6  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
7  days after being served with these findings and recommendations, petitioner may file written
8  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
9  Findings and Recommendations."  Petitioner is advised that failure to file objections within the
10 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
11 F.2d 1153 (9th Cir. 1991).
12 DATED: 3/24/06

                                            /s/ Gregory G. Hollows

                                            ─────────────────────────────
                                            GREGORY G. HOLLOWS
                                            UNITED STATES MAGISTRATE JUDGE

ggh:kj
sher17.156

3